FILED
11 FEB -3 PM 1:02
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

IRA HENRY HATCHETT, III,

Plaintiff,

vs.

PHILLIP GOMEZ, *et al.*,

Defendants.

CASE NO. 09CV445 BEN (NLS)

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

[Dkt. Nos. 61, 62, 65]

**INTRODUCTION**

Defendants Phillip Gomez, City of Murrieta, Jeffrey Miller, City of San Diego, and County of Riverside have filed three motions for summary judgment that are currently before the Court. (Dkt. Nos. 61, 62, 65.) The Court has construed an untimely filing by pro se Plaintiff Ira Henry Hatchett as an opposition to the motions for summary judgment.[1] (Dkt. No. 83.) Defendants have filed replies. (Dkt. Nos. 86-88.) For the reasons outlined below, the Court **GRANTS** Defendants' motions for summary judgment.

///

///

[1]The Court granted Plaintiff numerous continuances to obtain counsel and oppose Defendants' motions resulting in more than five months for Plaintiff to file an Opposition to the pending motions. Despite Plaintiff's late filing, the Court accepted and construed Plaintiff's most recent filing as his Opposition and afforded Defendants an opportunity to respond. The Court did, however, deny Plaintiff's request for additional time to respond further given the five-month delay and previous continuances granted. *Orr v. Bank of Am.*, 285 F.3d 764,783-84 (9th Cir. 2002) (affirming district court's denial of a continuance).

**BACKGROUND**

Plaintiff brought this action asserting two causes of action under 42 U.S.C. § 1983 relating to Defendants' arrest, incarceration, and alleged use of force against him. Plaintiff was the subject of a criminal investigation and prosecuted for conspiracy to commit first-degree murder and conspiracy to intimidate a witness. He was ultimately acquitted. However, while housed at the Southwest Detention Center (SWDC), Plaintiff alleges he was subjected to excessive use of force.

Defendant Gomez has put forth evidence that Gomez prepared a declaration in support of an arrest warrant for Plaintiff detailing information establishing probable cause to arrest Plaintiff. The declaration was submitted to a state court judge who also determined that probable cause existed to arrest Plaintiff and issued an arrest warrant. Based on that warrant, Plaintiff was arrested.

Defendant City of Murrieta has put forth undisputed evidence that the Murrieta Police Department: (1) has no policy, practice, or custom authorizing or condoning unlawful searches, seizures, or arrests of persons in violation of the U.S. Constitution; (2) does not encourage, tolerate, or employ those who engage in such practices; and (3) does not train its officers in a negligent or unconstitutional manner. Defendant City of San Diego has put forth undisputed evidence that the San Diego Police Department properly trained Defendant Miller in the areas of arrest and Fourth Amendment issues. Defendant County of Riverside has put forth undisputed evidence that: (1) Plaintiff never filed any grievance while housed at the SWDC; (2) the County's policies prohibit the improper use of force; and (3) the policies and practices of the County do not permit the use of excessive or unreasonable force, or the violation of constitutional rights. Named Defendant Jeffrey Miller has never been served with a summons or complaint in this case.

In opposition, Plaintiff offers portions of transcripts from his preliminary hearing and criminal trial, a copy of Defendant Gomez's declaration in support of Plaintiff's arrest warrant, a continuation report by Defendant Gomez, and a copy of a trial brief submitted in Plaintiff's criminal trial.

///

///

## DISCUSSION

Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the moving party meets this burden, the burden then shifts to the opposing party to set forth specific facts showing that a genuine issue remains for trial. *Id.* A moving party can meet its initial burden by "produc[ing] evidence negating an essential element of the nonmoving party's claim or defense or show[ing] that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Co.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this burden of production, the burden shifts to the nonmoving party to "produce enough evidence to create a genuine issue of material fact." *Id.* at 1103 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Evidence raises a genuine issue of material fact if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The Court makes all reasonable inferences in the non-moving party's favor. *John v. City of El Monte*, 515 F.3d 936, 941 (9th Cir. 2008). But, "the movant's uncontradicted factual allegations ordinarily are accepted." *Id.* The Court "has no independent duty 'to scour the record in search of a genuine issue of triable fact,' and may 'rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.'" *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1017 (9th Cir. 2010) (quoting *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) and citing *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001)).

### I. Defendant Gomez

Plaintiff argues that Defendants violated his constitutional rights by arresting him without probable cause. Specifically, Plaintiff challenges Defendant Gomez's assertions, in the declaration supporting Plaintiff's arrest warrant, that Plaintiff was affiliated with a gang and communicated with others about the location of a victims' residence. Defendants respond that Plaintiff was

arrested pursuant to a valid arrest warrant supported by probable cause and that Defendant Gomez had sufficient probable cause to arrest Plaintiff.[2]

Plaintiff's claims against Defendant Gomez are precluded if Defendant Gomez had probable cause. *John*, 515 F.3d at 940. "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Id.* (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)). The Court must look "to 'the totality of the circumstances known to the arresting officers, to determine if a prudent person would have concluded there was a fair probability that the defendant had committed a crime.'" *Id.* "The determination whether there was probable cause is based upon the information the officer had at the time of making the arrest." *Id.* (citing *Davenpeck v. Alford*, 543 U.S. 146, 152 (2004)). The Court cannot engage in "hindsight analysis, *i.e.*, . . . consider[ing] additional facts that became known only after the arrest was made." *Id.*

Plaintiff attempts to raise genuine issues of material fact concerning two points. He points to transcripts of testimony given in his criminal trial in which he questions Defendant Gomez's reliance on three witnesses' statements and Plaintiff's presence in a particular location to conclude that Plaintiff was a member of a particular gang. Plaintiff also points to a purported discrepancy in information about phone calls between Plaintiff and those with whom he allegedly conspired. Even if the Court puts aside the evidentiary problems with Plaintiff's proffered evidence, it still does not a raise a genuine issue of material fact.

First, Plaintiff's evidence does not raise a genuine issue of material fact concerning Plaintiff's alleged gang membership or the phone call in question. Plaintiff characterizes Defendant Gomez's declaration as lies, but Plaintiff's evidence does not support that conclusion. Rather, Plaintiff's evidence indicates that Defendant Gomez determined that Plaintiff was affiliated with a particular gang based on at least three different witness' statements and Plaintiff's conduct. The evidence further indicates that Defendant Gomez determined that Plaintiff had a conversation

---

[2]The Court notes that Defendant Gomez did not actually arrest Plaintiff, potentially precluding a claim against him for an unlawful arrest. But, because the Court finds that Defendants had probable cause the Court need not address this issue.

with a co-conspirator based, in part, on phone records showing a call was made from Plaintiff's home to a co-conspirator. Plaintiff's bare assertion that Defendant Gomez should not have relied on the witnesses' identification of him as a member of a particular gang or his assertion that someone else engaged in phone calls from his home do not raise a genuine issue of material fact on these points. *See Hart v. Parks*, 450 F.3d 1059, 1066-67 (9th Cir. 2006) ("Police may rely on hearsay and other evidence that would not be admissible in a court to determine probable cause"). Additionally, Plaintiff's reliance on the absence of subsequent gang-related convictions is misplaced because the Court cannot rely on subsequent events in evaluating pre-arrest probable cause. *John*, 515 F.3d at 940.

Second, even if Plaintiff's assertions concerning these two points raised a genuine issue of material fact on these points, the remainder of the Gomez declaration suffices to make out probable cause. Defendant Gomez's declaration indicates: (1) Gomez discovered Plaintiff's involvement in the conspiracy to murder the juvenile victim from listening to a co-conspirator's phone conversations from jail; (2) a co-conspirator directed Plaintiff "to get active" with regard to the victim; (3) a co-conspirator's phone records solidified the conspiracy and solicitation; (4) Plaintiff described the planned attack to a co-conspirator; (5) a gun, photograph of the victim, and map to the victims residence were found in the search of a co-conspirator's home; and (6) a co-conspirator identified Plaintiff as being involved in the conspiracy and having obtained the gun for the attack. Based on this information, undisputed by evidence from Plaintiff, Defendant Gomez had probable cause.

Accordingly, Defendant Gomez is entitled to summary judgment on Plaintiff's claims.

## II. Defendants City of Murrieta, City of San Diego, and County of Riverside

Plaintiff has failed to produce any evidence to support a *Monell* claim against the City of Murrieta, the City of San Diego, or the County of Riverside. *Monell v. Dept of Social Servs.*, 436 U.S. 658, 690 (1978). Municipalities may only be held liable under § 1983 when the Plaintiff "show[s] that their injury was caused by a municipal policy or custom." *Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447, 450 (2010) (explaining its holding in *Monell*, 436 U.S. at 690 (1978)). Requiring Plaintiff to identify "a 'policy' ensures that a municipality is held liable only for those

deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997). Here, Plaintiff offered no evidence of any policy or custom by any of the Defendants. Because Plaintiff failed to produce any evidence of a policy or custom, Defendants City of Murrieta, City of San Diego, and County of Riverside are entitled to summary judgment. *See Hart*, 450 F.3d at 1072 (9th Cir. 2006).[3]

## III. Defendant Jeffrey Miller

Plaintiff's cause of action against named Defendant Jeffrey Miller cannot survive because Miller was never served. Plaintiff filed this action on March 6, 2009, almost two years ago, and service was challenged in the pending motion on July 29, 2010, more than six months ago. The record reflects that Miller was not served within 120 days as required by Federal Rule of Civil Procedure 4(m) and he has not been served since. Discovery has closed and this case is now ready for trial and Plaintiff has not served Miller. Rule 4(m) requires service of a defendant within 120 days after the complaint is filed. Failure to comply requires dismissal. FED. R. CIV. P. 4(m). Additionally, the Court lacks personal jurisdiction over Miller. "Service of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Accordingly, Plaintiff's claims against Miller are **DISMISSED**.

## CONCLUSION

Defendants' motions for summary judgment are **GRANTED**. The Clerk shall enter judgment in favor of Defendants and close the case.

**IT IS SO ORDERED.**

DATED: February 3, 2011

Hon. Roger T. Benitez
United States District Judge

[3]The Court notes that Plaintiff's claim against the County of Riverside for the excessive use of force while he was incarcerated at SWDC is also precluded because Plaintiff failed to exhaust his administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a) (precluding actions under § 1983 by prisoners when administrative remedies have not been exhausted).